UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LUCRECIA CANELA,

                                 Plaintiff,               **COMPLAINT**

      - against -


JMF RESTAURANT CORP d/b/a
JUDY'S SPANISH RESTAURANT, and
JOSE PABLOT TOBON-OLGUIN, individually,

                                 Defendants.
-------------------------------------------------------------------X

        Plaintiff Lucrecia Canela (hereinafter referred to as "Canela" or "Plaintiff"), by and through her attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer, complaining of JMF Restaurant Corp d/b/a Judy's Spanish Restaurant ("Judy's") and Jose Pablot Tobon-Olguin ("Tobon-Olguin") individually (collectively "Defendants"), alleges the following:

### <u>NATURE OF THE ACTION</u>

1.    This is a civil action brought by Plaintiff to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

2.    Plaintiff worked as a cook for JMF Restaurant Corp d/b/a Judy's Spanish Restaurant, a restaurant that was owned and operated by Defendants.

3.    Plaintiff brings this action on behalf of herself to remedy violations of the wage-and-hour provisions of the FLSA by Defendants.

4.    Plaintiff also brings this action under the Wage Theft Prevention Act for Defendants' failure to provide wage notices and wage statements in violation of NYLL §§195 (1) and (3).

5.    Plaintiff seeks injunctive and declaratory relief against Defendants' unlawful actions, compensation for their failure to pay overtime wages and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

6.    This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c) and 217; and 28 U.S.C. § 1337.

7.    This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

8.    Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

**Plaintiff Lucrecia Canela**

9.    Plaintiff is an adult individual residing in New York County, New York.

10.    Plaintiff worked for Defendants from 2015 until May 2, 2022.

11.    Plaintiff was employed as a cook.

12.    Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

**Defendant JMF RESTAURANT CORP**

13.    On information and belief, JMF Restaurant Corp d/b/a Judy's Spanish Restaurant was a restaurant incorporated in the State of New York, having its principal place of business located at 1505 Lexington Ave, New York, NY 10029.

14.    On information and belief, Defendant Tobon-Olguin was the owner and CEO of Judy's.

15.     On information and belief, Defendant Tobon-Olguin maintained control, oversight and direction over Judy's.

16.     At all times relevant to this action, Judy's was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

17.     On information and belief, Tobon-Olguin had (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

18.     In the summer of 2022, Judy's ceased operations.

**Defendant Tobon-Olguin**

19.     Tobon-Olguin is a person engaged in business in New York County, who is sued individually in his capacity as an owner, officer and/or agent of Judy's.

20.     On information and belief, Tobon-Olguin was the owner and CEO of Judy's.

21.     On information and belief, Tobon-Olguin maintained control, oversight and direction over Judy's.

22.     Tobon-Olguin exercised sufficient control over Judy's to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto Tobon-Olguin had the authority to hire and fire Plaintiff and established and maintained policies regarding the pay practices at Judy's.

23.     Tobon-Olguin had substantial control over Plaintiff's working conditions and the practices alleged herein.

## STATEMENT OF FACTS

### Plaintiff Lucrecia Canela's Employment with Defendants

24.    Plaintiff worked at Judy's, which was located at 1505 Lexington Ave, New York, NY 10029.

25.    Judy's was a Spanish restaurant.

26.    Plaintiff was employed as a cook.

27.    As noted earlier, from 2015 until May 2, 2022, Plaintiff worked at Judy's.

28.    Plaintiff was not formally fired by Defendants.

29.    On May 2, 2022, Plaintiff suffered an injury at work.

30.    Shortly after Plaintiff's accident, Defendant Tobon-Olguin decided to close Judy's.

31.    Plaintiff worked six days each week, 6:00am through 3:00pm.

32.    Plaintiff did not have a fixed day off; it varied week to week.

33.    From 2015 through December 2021, Plaintiff earned $600 a week in cash.

34.    From January 2022 until May 2022, Plaintiff earned $300 a week in cash.

35.    From January until May 2022, Plaintiff earned $225 a week in check.

36.    Throughout her employment with Defendants, when Plaintiff worked overtime Plaintiff was not compensated at the appropriate overtime rate of pay.

37.    Plaintiff's salary did not include overtime.

38.    Rather, Plaintiff was only paid for the first 40 hours that she worked.

39.    Defendants never required Plaintiff to "clock in" or "clock out."

40.    Defendants never provided Plaintiff with a written wage notice setting forth her regular hourly rate of pay and corresponding overtime rate of pay.

41. When Plaintiff was paid by Defendants, Defendants did not provide Plaintiff with a notation or any other documentation of her hours worked during that pay period or her rate of pay.

42. During Plaintiff's employment, Defendants failed to maintain accurate and sufficient time and pay records.

**Defendants' Violations of the Wage Theft Prevention Act**

43. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

44. Throughout the relevant time period, Defendants paid Plaintiff without the proper accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

45. Plaintiff was never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer and required by NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

**FIRST CAUSE OF ACTION**
**Unpaid Overtime Wages in Violation of the Fair Labor Standards Act**

46. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

47.   The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*., and the supporting federal regulations, apply to Defendants and protect Plaintiff.

48.   Defendants willfully failed to pay Plaintiff the appropriate overtime premiums for all hours worked in excess of 40 hours per work week, as required by the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations.

49.   Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.  Defendants are aware or should have been aware that the practices described in this Complaint were unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

50.   Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq*.

51.   As a result of Defendants' willful violations of the FLSA, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre-judgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

**SECOND CAUSE OF ACTION**
**<u>Unpaid Overtime Wages in Violation of New York Labor Law</u>**

52.   Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

53.   At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL §652 and 12 NYCRR §142-2.2.

54.   Defendants failed to pay Plaintiff the overtime premium of one and one-half times the regular hourly rate of pay for all of her overtime hours worked, in violation of the NYLL.

55.   Through their knowing or intentional failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per work week, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

56.   Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

**THIRD CAUSE OF ACTION**
**Failure to Provide Annual Wage Notices in Violation of New York Labor Law**

57.   Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

58.   Defendants have willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as her primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

59.   Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations.

60.     Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff with wage notices, or a total of five thousand dollars, reasonable attorney's fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

**FOURTH CAUSE OF ACTION**
**Failure to Provide Wage Statements in Violation of New York Labor Law**

61.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

62.     Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

63.     Through their knowing or intentional failure to provide Plaintiff with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq*., and the supporting New York State Department of Labor Regulations.

64.     Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred and fifty dollars for each workday that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars, reasonable attorney's fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the entry of an order and judgment against Defendants JMF Restaurant Corp. d/b/a Judy's Spanish Restaurant and Jose Pablot Tobon-Olguin, jointly and severally, as follows:

(a)     Damages for the unpaid overtime wages due to Plaintiff, in an amount to be determined at the trial of the action, along with liquidated damages as provided by the FLSA;

(b)     Damages for the unpaid overtime wages due to Plaintiff, in an amount to be determined at the trial of the action, along with liquidated damages as provided by the NYLL;

(c)     Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL, Article 6, §§ 198;

(d)     Statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6 § 198;

(e)     Statutory penalties of two hundred and fifty dollars for each workday that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars, as provided for by NYLL, Article 6 § 198;

(f)     For pre-judgment and post-judgment interest on the foregoing amounts;

(g)     For the costs and disbursements of the action, including attorney's fees; and,

(h)     For such other further and different relief as the Court deems just and proper.

Dated: October 8, 2022
       New York, New York

                              **THE LAW OFFICES OF JACOB ARONAUER**

                              By:     */s/ Jacob Aronauer*
                                      Jacob Aronauer, Esq.
                                      225 Broadway, 3rd Floor
                                      New York, NY 10007
                                      (212) 323-6980
                                      jaronauer@aronauerlaw.com

                                      *Attorney for Plaintiff*