**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
LUCRECIA CANELA,

             Plaintiff,

       -against-

JMF RESTAURANT CORP., et al.,

            Defendants.

------------------------------------------------------------x

22-CV-8587 (OTW)

**OPINION & ORDER**

**ONA T. WANG**, **United States Magistrate Judge:**

**I.     INTRODUCTION**

Plaintiff Lucrecia Canela ("Plaintiff") brings this action against her former employer(s) Defendants JMF Restaurant Corp., (the "Restaurant"), Jose Pablot Tobon-Olguin, Ofelia Reyes and Cinthis Reyes (collectively, "Defendants"). Plaintiff alleges Fair Labor Standard Act ("FLSA") and New York Labor Law ("NYLL"). (ECF 1 at ¶ 1) (hereinafter "Compl."). The parties have submitted their proposed settlement agreement to the Court for approval under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). (ECF 49). All parties have consented to my jurisdiction in accordance with 28 U.S.C. § 636(c). (ECF 46). For the reasons below, the Court **APPROVES** the settlement (ECF 49).

**II.    BACKGROUND**

Defendants employed Plaintiff as a cook from approximately 2015 to May 2, 2022, when she was injured at work. Compl. ¶¶ 10, 11. Plaintiff alleges that she worked in excess of forty hours per week, but Defendants did not pay her the required minimum wage rate nor overtime rates. Comp. ¶¶ 34-38. Plaintiff further alleges that the Restaurant never provided her with

wage notices, wage statements or "any other documentation" of her hours worked or rate of pay. Compl. ¶¶ 40-42.

Plaintiff filed her complaint on October 8, 2022. (ECF 1). After mediation, Plaintiff reported that the parties had settled, and the parties consented to my jurisdiction on March 14, 2023. (ECF 46.) The *Cheeks* motion and settlement agreement are filed at ECF 49.

### III. DISCUSSION

Fed. R. Civ. P. 41(a)(1)(A) permits the voluntary dismissal of an action brought in federal court, but subjects that grant of permission to the limitations imposed by "any applicable federal statute." The Second Circuit has held that "in light of the unique policy considerations underlying the FLSA," this statute falls within that exception, and that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks*, 796 F.3d at 206. This Court will approve such a settlement if it finds it to be fair and reasonable, employing the five non-exhaustive factors enumerated in *Wolinsky v. Scholastic Inc.*:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations omitted).

#### A. Range of Recovery

Plaintiff asserts that she is owed $77,265 in unpaid minimum wages and overtime wages. (ECF 49 at 2). Defendants believe that Plaintiff has "overstated her claims for the hours she worked throughout the term of her employment," and the only defendants whose liability

2

is not disputed assert that they have no assets. (ECF 49 at 2). The proposed settlement amount is $43,400. (ECF 49 at 2). Of the total settlement amount, Plaintiff's counsel has waived reimbursement of costs, and Plaintiff would receive **$28,933.66** and Plaintiffs' counsel would receive **$14,466.34** for attorneys' fees.[1] (ECF 49 at 2). Plaintiff's settlement amount thus represents approximately 37% of Plaintiff's alleged unpaid minimum wages and overtime wages.[2] Given the risks of litigation as noted below, the Court finds this amount reasonable.

### B. Burden and Risks of Litigation

Settlement enables the parties to avoid the burden and expense of preparing for trial. The parties acknowledge that the factual disputes present in this case present them with risks were they to proceed with litigation. (ECF 49 at 2). Defendants face risk because of the factual issues regarding their pay and timekeeping records of Plaintiff. (ECF 49 at 1). Plaintiff faces risk because of Defendants' unstable financial position and their inability to pay, which was supported with individual financial information. (ECF 49 at 3). With a settlement, Plaintiff can obtain some recovery versus a delayed recovery or none at all. (ECF 49 at 3, 4).

---

[1] There appears to be a typographical error in the Cheeks motion, which states that Plaintiff will receive $2**5**,933.66 and Counsel will receive $14,466.**31**. (ECF 49 at 2). The sum of $14,466.31 and $25,933.66 is $40,399.97, not $43,400. The *Cheeks* motion and the Settlement Agreement both state that counsel does not seek reimbursement of costs, and that the settlement payments will be made in 49 separate installments, each of which will be shared between Plaintiff and counsel at a 2/3 and 1/3 rate according to their agreement. (ECF 49 at 2-3). 1/3 of the total Settlement Agreement ($43,400) is approximately $14,466.66. 2/3 of the total Settlement Agreement ($43,400) is approximately $28,933.33. The installments (1 installment of $5,000 then 48 installments of $800) total $43,400. Based upon the motion and Settlement Agreement, the Court awards Plaintiff $28,933.66, not $25,933.66, and Counsel $14,466.34, not $14.466.31.

[2] When examining the proportion of recovery, courts often look at what Plaintiff would receive rather than the total settlement amount. *See, e.g.*, *Rosario v. Structural Preservation Systems, LLC*, 18-CV-83 (HBP), 2019 WL 1383642, at *2 (S.D.N.Y. Mar. 27, 2019); *Rojas v. Bronx Moon LLC*, 17-CV-5825 (KMK), 2018 WL 4931540, at *3 (S.D.N.Y. Oct. 10, 2018); *Felix v. Breakroom Burgers & Tacos*, 15-CV-3531 (PAE), 2016 WL 3791149, at *2 (S.D.N.Y. Mar. 8, 2016); *Beckert v. Ronirubinov*, 15-CV-1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015). Because one of the primary purposes of a *Cheeks* approval is to protect the employee, I concur with this approach.

### C. Arm's Length Negotiation

The parties represent that the settlement was a product of an arm's-length, extended mediation session by a mediator assigned by the Southern District of New York's mediation program. (ECF 49 at 3). Parties' counsel are experienced in employment litigation. (ECF 49 at 3). There is no evidence to the contrary.

### D. Risk of Fraud or Collusion

There is nothing in the record to suggest that fraud or collusion played a role in the settlement. Further, Plaintiff is no longer an employee of the Restaurant, as it has ceased operations, diminishing potential concern that Plaintiff may have been coerced into the settlement by her employer. (*See* ECF 49 at 2) (Compl. at ¶ 18).

### E. Additional Factors

This agreement also lacks certain objectionable provisions that courts have found fatal in other proposed FLSA settlements. The proposed settlement agreement contains no confidentiality provision and has already been filed in the public record. *See Thallapaka v. Sheridan Hotel Associates LLC*, 15-CV-1321 (WHP), 2015 WL 5148867, at *1 (S.D.N.Y. Aug. 17, 2015) (finding "overwhelming majority" of courts reject confidentiality provisions in FLSA settlements). Nor does the agreement contain a non-disparagement provision. *See Martinez v. Gulluoglu LLC*, 15-CV-2727 (PAE), 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016) (finding non-disparagement provisions generally contravene the FLSA's purpose).

The attorneys' fees award of $14,466.34 is reasonable, and represents approximately 33% of the total award. Although there is not a proportionality requirement, attorney fees settlements generally amount to a third of the settlement award. *See Fisher v. SD Protection,*

4

*Inc.*, 948 F.3d 593, 603 (2d Cir. 2020) (holding that the FLSA "simply provides for a 'reasonable attorney's fee to be paid by the defendant"); *Singh v. MDB Construction Mgmt., Inc.*, 16-CV-5216 (HBP), 2018 WL 2332071, at *2 (S.D.N.Y. May 23, 2018) (noting that one-third of settlement is "normal rate"); *Rodriguez-Hernandez v. K Bread & Co.*, 15-CV-6848 (KBF), 2017 WL 2266874, at *5 (S.D.N.Y. May 23, 2017) ("In this Circuit, courts typically approve attorneys' fees that range between 30 and 33 1/3 %.").

In this case, Plaintiff's counsels' fees are reasonable. He began representing Plaintiff in September 2022, and the settlement agreement was negotiated in November 2020. In that period, counsel drafted and filed the complaint, engaged in motion practice, and participated in mediation. (ECF 15-2). Although the proposed amount of $14,466.34 is more than the total recorded fees and costs submitted by Plaintiff's counsel, which total $8,861.45, counsel's time records and motion reflect counsel's "concerted effort to have paralegals perform the first draft of the work" in this action.[3] (ECF 49 at 4).

---

[3] Plaintiff has submitted attorney time records. (ECF 49 at Ex. B).

## IV. CONCLUSION

For the foregoing reasons, the Court approves the parties' proposed settlement agreement (ECF 49 at Ex. A) as fair and reasonable. If Plaintiff disagrees with the amounts awarded to Plaintiff and Counsel, they shall file a motion for reconsideration by **August 8, 2023.**

The Clerk of Court is respectfully directed to close ECF 30 as moot in light of the settlement.

It is **HEREBY ORDERED** that the action is dismissed with prejudice without costs.

**SO ORDERED.**

Dated: August 2, 2023　　　　　　　　　　　　　　　　_s/ Ona T. Wang_
　　New York, New York　　　　　　　　　　　　　　**Ona T. Wang**
　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge